[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for claimed breach of contract and for claimed negligence.
In the first count of the complaint, the plaintiff alleged that he agreed to serve the defendant as a teacher, that in consideration the defendant would employ him on a salary basis plus the provision of medical insurance under the defendants' group insurance coverage, that he was an employee of the defendant for several years, that he became ill and required two surgical procedures at Griffin Hospital, that he was told by the defendant that he was not covered by the defendants' group insurance policy and that the defendant has refused to provide him with medical insurance.
In the second count of the complaint, the plaintiff alleged that the failure of the defendant to provide insurance benefits was due to the negligence of the defendant in that it failed to use reasonable care to assure that the defendants' group insurance carrier include the plaintiff under the terms of the policy, that it failed to inform him that coverage would not be provided, and in that as a result of the negligence of the defendant, he incurred substantial medical bills which are not covered by medical insurance.
The evidence produced at the trial showed that the plaintiff was employed by the defendant as a teacher from September 1979 to June 1984, that he had been previously employed by the defendant but left for a year to teach in the Stamford Catholic High School, and that he returned in September 1979 to the defendant, that in February 1984 he left the defendant and did not return to teach for the remainer of the school year, although he was paid his regular salary from February to the end of the school year.
After he left the defendant in February 1984 he was hospitalized at the Griffin Hospital on three separate occasions, for surgery. The hospital bills for his stays there totalled $12,364.54. He also incurred bills from his doctors totalling $1125.00. These bills he claims constitute the damages he suffered by the defendants claimed breach of contract and by its claimed negligence concerning the medical insurance. The bills were all incurred prior to July 1984.
It appears that neither the hospital nor the doctors brought suit against the plaintiff at any time for their charges. Thus, whether the bills are covered by a three year or six year Statute of limitations, the applicable statute has run on the charges and they cannot now be collected from the plaintiff.
It further appears that sometime in 1990 the defendant filed for bankruptcy and listed all the bills set out above as CT Page 7730 liabilities of his. Apparently he has been discharged in the bankruptcy proceeding and any liability the plaintiff might have had on the hospital and doctors charges have also been wiped out by the operation of law.
Therefore even if there were any breach of contract as claimed in the First Count or any negligence of the defendant as claimed in the Second Count in this particular suit the plaintiff cannot point to any damages he has sustained by any action of the defendant because he now has no obligations to pay the hospital and doctors bills.
Judgment may enter for the defendant on both counts.
THOMAS J. O'SULLIVAN TRIAL REFEREE